## Chicago Packing Co. v. Skirchak, etc.

*Robert J. Doran*, for plaintiff.
*Stanley B. Jones*, for defendant.

APONICK, J., March 8, 1951.—This is on defendant's preliminary objections in the nature of a petition raising the defenses of lack of capacity to sue and nonjoinder of a necessary party under Rule 1017(*b*) (5) of the Pennsylvania Rules of Civil Procedure.

The action is in assumpsit for $44.80 for goods sold and delivered. The complaint is captioned: "Chicago Packing Company v. John Skirchak, individually and trading as Skirchak Sons." The first paragraph of the complaint reads:

"I. The plaintiff, Chicago Packing Company, is a partnership consisting of Alexander Aloff and Irene

Aloff, doing business at 739 W. Van Buren street, Chicago 7, Illinois."

Rule 2127(a) reads:

"A partnership having a right of action shall prosecute such right in the names of the then partners trading in the firm name, in the following manner: 'A, B and C trading as X & Co.' "

Obviously plaintiff has violated rule 2127(a). The caption should contain the names of the individual partners as parties. Indeed, rule 1018 provides, inter alia:

". . . The caption of a complaint shall set forth the form of the action and the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side in the complaint with an appropriate indication of other parties."

Had defendant in his preliminary objections included a motion to strike off the complaint because of nonconformity to rules 2127(a) and 1018, we would have been compelled to strike off the offending pleading. However, under rule 1032, he has waived the right to have the complaint stricken off by failing to request it.

Nevertheless, the individual partners should be joined as plaintiffs. To this, plaintiff's counsel has no objection; indeed, in his brief he argues that the partners are joined for he insists that the first paragraph of the complaint "is in *(sic)* strict conformity with rule 2127. . . ."

Rule 2232(c) gives us the power to add these partners as plaintiffs on our own motion (see 4 Anderson Pa. Civ. Pract. 382, footnote 5 ,citing Varlan v. Hires, 36 Del. Co. 61, 65, in turn citing Goodrich-Amram, sec. 2127(a)(2).

Accordingly, defendant's preliminary objections are sustained; Alexander Aloff and Irene Aloff are joined as plaintiffs, the record amended and defendant given 20 days within which to file an answer on the merits.